■ MARIE WIDELSKI et al., Respondents, v. JOHN F. FADDEN, Appellant, et al., Defendants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Erie Special Term denying a motion by defendant Fadden to set aside service upon him of summons and complaint.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ MARIE WIDELSKI et al., Respondents, v. JOHN F. FADDEN, Appellant, et al., Defendants.— Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs. Memorandum: The defendant's motion to set aside the substituted service should have been granted. The statutory requirements of section 231 of the Civil Practice Act were not complied with. Whether the failure to file the order and other papers pursuant to said section was a procedural or jurisdictional defect was not passed upon by the Special Term and we do not need to pass upon that question. Special Term denied the motion and *excused* late filing as a matter of discretion. We consider this error. The statute concededly was not followed and there was no motion for leave to file *nunc pro tunc*. Whether the Special Term would have power to grant an application to file the order and papers *nunc pro tunc* was not presented to Special Term and we do not pass upon that question. All concur. (Appeal from an order of Erie Special Term denying a motion by defendant Fadden to set aside purported service of summons and complaint pursuant to section 231 of the Civil Practice Act, which provided for substituted service.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ RALPH TERRULI, Appellant, v. ALBERT CHRISTIANO et al., Respondents.— Order reversed and verdict reinstated, without costs of this appeal to any party. Memorandum: We are of the opinion that it was error to set aside the verdict in favor of the plaintiff upon the ground stated, to the effect that the value of the work performed, as found by the jury, was based upon conclusions of the witnesses and not upon proof thereof. The question of the reasonable value of the work performed was submitted to the jury in plain language. The court said " There is evidence on both sides and it is for you to determine what the true facts are. If you find that the plaintiff is entitled to a verdict, you will award him such sum of money as in your good judgment, and based upon the evidence you find, will fairly and adequately compensate him for damages which he has sustained." The evidence is sufficient to support the verdict. All concur. (Appeal from an order of Monroe County Court setting aside the verdict of a jury in favor of plaintiff and granting a new trial in an action for breach of contract; also canceling a judgment entered on the verdict.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.